Sander L. Esserman, Esq. (SE 0356) (admitted pro hac vice)
Cliff I. Taylor, Esq. (CT 4711) (admitted pro hac vice)
STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, a Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

and

Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-12148 [BRL] |
| ALPER HOLDINGS USA, INC., | |
| Debtor. | |

## DESIGNATION OF RECORD ON APPEAL

On March 5, 2008, Jon and Charlotte Armstrong (the "Armstrong Plaintiffs") filed a Notice of Appeal [Docket No. 164], appealing the Court's Memorandum Decision and Order Granting Objections of Alper Holdings USA, Inc. to Proofs of Claim Filed by (i) Armstrong Plaintiffs and (ii) Holt Plaintiffs (the "Order") [Docket No. 157]. Pursuant to Federal Rule of Bankruptcy Procedure 8006, the Armstrong Plaintiffs hereby submit this Designation of Record on Appeal, designating the following documents and items to be included in the record on their appeal from the Order.

| Item No. | Docket No. | Filing Date | Description |
| --- | --- | --- | --- |
| 1. | 115 | 1/09/2008 | Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 12 and 13) Filed by Armstrong Plaintiffs |
| 2. | 116 | 1/09/2008 | Declaration of Jessica L. Fink in Support of Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 12 and 13) Filed by Armstrong Plaintiffs |
| 3. | 147 | 2/15/2008 | Response of Jon and Charlotte Armstrong to Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 12 and 13) Filed by Armstrong Plaintiffs |
| 4. | 154 | 2/20/2008 | Reply in Further Support of Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 12 and 13) Filed by Armstrong Plaintiffs |
| 5. | 157 | 2/25/2008 | Memorandum Decision and Order Granting Objections of Alper Holdings USA, Inc. to Proofs of Claim Filed by (i) Armstrong Plaintiffs and (ii) Holt Plaintiffs |
| 6. | 125 | 2/28/2008 | Transcript of Hearing Held on February 21, 2008 |
| 7. | 164 | 3/5/2008 | Notice of Appeal filed by Jon and Charlotte Armstrong |
| 8. | Unofficial transcript received by counsel, but not yet docketed | | Transcript of Chambers Conference held on February 7, 2008 |

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  March 17, 2008.

Respectfully submitted,

*/s/ Douglas T. Tabachnik*
Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
Telephone:  (732) 792-2760
Facsimile:  (732) 792-2761

and

Sander L. Esserman (SE 0356)
(admitted pro hac vice)
Cliff I. Taylor (CT 4711)
(admitted pro hac vice)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**ATTORNEYS FOR THE ARMSTRONG PLAINTIFFS**

Sander L. Esserman, Esq. (SE 0356) (admitted pro hac vice)
Cliff I. Taylor, Esq. (CT 4711) (admitted pro hac vice)
STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, a Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

and

Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-12148 [BRL] |
| ALPER HOLDINGS USA, INC., | |
| Debtor. | |

## STATEMENT OF ISSUES ON APPEAL

On March 5, 2008, Jon and Charlotte Armstrong (the "Armstrong Plaintiffs") filed a Notice of Appeal [Docket No. 164], appealing the Court's Memorandum Decision and Order Granting Objections of Alper Holdings USA, Inc. to Proofs of Claim Filed by (i) Armstrong Plaintiffs and (ii) Holt Plaintiffs (the "Order") [Docket No. 157]. Pursuant to Federal Rule of Bankruptcy Procedure 8006, the Armstrong Plaintiffs hereby submit this Statement of Issues on Appeal with respect to their appeal of the Order as follows:

1. Whether the Bankruptcy Court erred in granting the relief requested in the Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 12 and 13) Filed by Armstrong Plaintiffs (the "Motion to Dismiss").

2. Whether the Bankruptcy Court erred in considering evidence outside the face of the Armstrong Plaintiffs' proofs of claim materials.

3. Whether the Bankruptcy Court erred in failing to take all factual allegations made by the Armstrong Plaintiffs as true.

4. Whether the Bankruptcy Court erred in failing to consider all factual allegations in the light most favorable to the Armstrong Plaintiffs.

5. Whether the Bankruptcy Court erred in failing to draw all reasonable inferences in favor of the Armstrong Plaintiffs.

6. Whether the Bankruptcy Court erred in disallowing and expunging the Armstrong Plaintiffs' claims under Bankruptcy Code, section 502, without allowing the Armstrong Plaintiffs an opportunity to conduct discovery.

7. Whether the Bankruptcy Court erred in failing to apply the standard appropriate for a motion to dismiss when considering the Armstrong Plaintiffs' claims and Alper's objection thereto.

8. Whether the Bankruptcy Court erred in concluding that Alper owed no duty to the Armstrong Plaintiffs to conduct its remediation of the contamination in Dickson, Tennessee, in a non-negligent manner.

9. Whether the Bankruptcy Court erred in concluding that Alper owed no duty to the Armstrong Plaintiffs.

10. Whether the Bankruptcy Court erred in concluding that, under Tennessee state law, to prevail on a claim for assumed liability, the Armstrong Plaintiffs were required to demonstrate that they relied on Alper's contamination remediation activities in Dickson, Tennessee, to the Armstrong Plaintiffs' detriment.

11. Whether the Bankruptcy Court erred in misinterpreting Tennessee state law regarding assumed liability.

12. Whether the Bankruptcy Court erred in concluding that the Armstrong Plaintiffs' alter ego claims may not be asserted against Alper as a matter of law.

13. Whether the Bankruptcy Court erred in concluding that Nicholas Bauer was acting on behalf of Saltire and not Alper in overseeing or participating in the remediation at the Dickson Plant.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

|  |  |
|---|---|
| Dated:  March 17, 2008. | Respectfully submitted, |
|  | */s/ Douglas T. Tabachnik* <br> Douglas T. Tabachnik (DT 6337) <br> LAW OFFICES OF <br> DOUGLAS T. TABACHNIK, P.C. <br> Woodhull House <br> 63 W. Main Street, Suite C <br> Freehold, New Jersey 07728 <br> Telephone:  (732) 792-2760 <br> Facsimile:  (732) 792-2761 |
|  | and |
|  | Sander L. Esserman (SE 0356) <br> (admitted pro hac vice) <br> Cliff I. Taylor (CT 4711) <br> (admitted pro hac vice) <br> STUTZMAN, BROMBERG, <br> ESSERMAN & PLIFKA, <br> A Professional Corporation <br> 2323 Bryan Street, Suite 2200 <br> Dallas, Texas  75201 <br> Telephone:  (214) 969-4900 <br> Facsimile:  (214) 969-4999 |
|  | **ATTORNEYS FOR THE ARMSTRONG PLAINTIFFS** |